Defendant has moved under Rule 152(b)(1) to modify the partial judgment entered in this case on October 31, 1980, 224 Ct.Cl. 240, 265, so as to take that judgment out from the exclusion (in the latter portion of 28 U.S.C. § 1517(b)) of a judgment designated as a partial judgment from the general discharge provision of section 2517(b).[1] The Government contends that that exclusion (specifically added as an amendment to § 2517(b) by the Contract Disputes Act of 1978) is limited as an amendment to § 2517(b) only to cases brought under the Contract Disputes Act and therefore does not cover the present case. The court, however, does not agree with that reading of § 2517(b) which we construe as applicable to all cases in this court, including the present one, in which a partial judgment is entered after the effective date of the amendment.
The terms of the exclusionary portion of § 2517(b)— emphasized in footnote 1, supra — are all-compassing and general, not restricted in any way to cases under the Contract Disputes Act. Unlike subsection (a) of § 2517 which expressly refers to the Contract Disputes Act and excludes cases for which that statute requires a different disposition,[2] the exclusionary clause of subsection (b) does not refer to that Act or except only the cases under that statute from non-discharge. It is true that the exclusionary part of § 2517(b) was added by the Contract Disputes Act of 1978, Pub. L. 93-536, 92 Stat. 2390, but that amendment was in a separate section of that statute — section 14(f)— *546 which, simply and generally, amended § 2517(b) to add the general exclusion of partial judgments from the general discharge requirement of the preexisting § 2517(b). Though the amendment is contained in the Contract Disputes Act, the amending section does not say that the amendment is restricted to cases under that Act, and there is nothing in section 14(f) of the Act to limit the broad amendment in that way. We are not persuaded, moreover, that Congress meant so to limit it. The bit of the legislative history on which defendant relies (Senate Report No. 95-1118, 1978 U.S. Code & Cong. Adm. News at 5235, 5268) says no more than that the new addition to § 2517(b) excludes cases under the Contract Disputes Act from discharge; it does not say that the new provision is not also to apply to other cases as well. Indeed, the report adds, very generally, that the amendments "will permit partial judgments where various claims, counterclaims, and cross claims can be segmented so that parties do not have to await the final disposition of all of the litigation before receiving judgment.” That problem has long been a general and troubling one in this court, and we understand Congress to have met that general problem by a general provision applicable to all of our cases.
For these reasons, we think we had full authority to enter the judgment of October 31, 1981, as a partial judgment, and that the exclusionary provision of § 2517(b) prevents that partial judgment from discharging plaintiffs entire case. Defendant’s motion for relief from judgment is accordingly denied.
IT IS SO ORDERED,

 The problem is that a part of the present case remains to be determined and defendant believes that payment of our judgment of October 31,1980 (on the part of the case already determined) would be a full discharge of all the plaintiffs claims, under 28 U.S.C. § 2517(b) which now provides that payment of a final judgment of this court "shall be a discharge of the United States of all claims and demands arising out of the matters involved in the case or controversy, unless the judgment is designated a partial judgment, in which event only the matters described therein shall be discharged”, (emphasis added).

 Section 2517(a) provides: Except as provided by the Contract Disputes Act of 1978, every final judgment rendered by the Court of Claims against the United States shall be paid out of any general appropriation therefor, on presentation to the General Accounting Office of a certification of the judgment by the clerk and chief judge of the Court.