Rowdy ADAMS, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 96–93C.

United States Court of Federal Claims.

Nov. 30, 2001.

Everett L. Bobbitt and Sanford A. Toyen, San Diego, CA, argued for plaintiffs.

Allison Page, U.S. Department of Justice, Civil Division, Commercial Litigation Branch,

argued for defendant. With whom on the briefs were David W. Ogden, Assistant Attorney General, David M. Cohen, Director, and William L. Olsen, Trial Attorney, Civil Division, Commercial Litigation Branch.

## ORDER

BRUGGINK, Judge.

Pending is plaintiffs' Motion for Entry of Partial Judgment or Severance of Claims. The matter is fully briefed and orally argued. For the reasons set out below, the motion is denied.

This is an action for unpaid overtime compensation under the Fair Labor Standards Act (FLSA) 29 U.S.C. §§ 201–219 (1994). In addition to backpay, plaintiffs have requested interest and liquidated damages. The court previously denied the claims of certain plaintiffs and granted backpay to others. *See Adams v. United States,* 44 Fed.Cl. 772 (1999). Within the prevailing group, the court also awarded liquidated damages to eighteen plaintiffs and denied it with respect to the balance. *See id.; Adams v. United States,* 46 Fed.Cl. 616 (2000). Also with respect to the prevailing group, the court denied interest on the unpaid wages. *See Adams v. United States,* 48 Fed.Cl. 602 (2001). Understandably, plaintiffs want to receive their backpay as soon as possible, as no interest is accruing. At the same time, they seek to appeal the court's ruling on the denial of liquidated damages and the denial of interest. In order to obtain payment without giving up the right to appeal the denial of other relief, plaintiffs bring the present motion.

The motion is in the alternative, although the result would be the same in either event. Plaintiffs initially ask for the entry partial judgment only for compensatory damages owed to those plaintiffs entitled to recover under the court's prior decisions in this case. Plaintiffs argue that they are entitled to such a judgment under 28 U.S.C. § 2517 (1994). Presumably the court would then also enter a separate judgment regarding the denial of interest and liquidated damages. Defendant contends that section 2517 does not operate independently of RCFC 54(b) and that its conditions are not met.

Alternatively, plaintiffs suggest that the problem could be approached from the reverse direction. Namely, all elements of relief sought, other than the backpay claims of successful plaintiffs, would be severed. A final judgment would then be entered as to those remaining successful backpay claims, while the balance of the case proceeded separately.

█ Before proceeding to analyze the claims, it must be noted that *all* aspects of this action are either ready for entry of final judgment, or virtually complete. Obviously the unsuccessful claimants are ready for entry of judgment. In addition, the parties have labored mightily in the past year to calculate backpay for successful claimants and report that, at most, the precise amount of two plaintiffs' recoveries cannot be stipulated. The rest are ready for entry of judgment. As to those claimants, the denial of interest and backpay is also complete. This is relevant, because, as plaintiffs indirectly concede by their reference to *Alyeska Pipeline Serv. Co. v. United States,* 227 Ct.Cl. 544, 1981 WL 21396 (1981), the purpose of partial judgments is to segment claims "so that the parties do not have to await the final disposition of all the litigation before receiving judgment." *Id.* at 546, 1981 WL 21396. The fundamental purpose of partial judgment, in other words, would not be served by granting the motion. The court is prepared to enter final judgment as to all aspects of the case. It is only for tactical (albeit understandable) purposes that separate judgments are sought.

The problem for plaintiffs is that judgments are presumed to be conclusive of all elements of a claim. This follows from 28 U.S.C. § 2517: "(b) Payment of any such judgment and of interest shall be a full discharge to the United States of all claims and demands arising out of the matters involved in the case of controversy. . . ." The follow-on caveat language is what plaintiffs rely on: "unless the judgment is designated a partial judgment, in which only the matters described therein shall be described." *Id.*

█ Contrary to the suggestion of plaintiffs' briefing, this language of Section 2517 does not establish a standard for entry of

partial judgments separate from those of Rule 54(b). Section 2517, in other words, merely states the effect of judgments, either complete or partial. The terms for entering the latter are controlled by Rule 54(b):

> When more that one claim for relief is presented in an action, whether as a claim, counterclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties[1] any upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Embedded within the rule is the understanding that failure to enter a partial judgment will delay resolution of part of the case. That would not be true in this instance.

There are other reasons not to sever backpay from interest and liquidated damages. Plaintiffs are correct that Rule 54(b) has been construed to permit separation, not just of plaintiffs, but also claims. The question, then, is whether it makes sense to treat backpay, interest, and liquidated damages as separate claims for purposes of the rule. We conclude it does not.

■ Although "the test for determining whether multiple claims are presented for purposes of Rule 54(b) has not been definitively established," 10 James Wm. Moore et al., Moore's Federal Practice ¶ 54.22[2][b][ii] (3d ed.2000), there are factors to be taken into consideration: (1) The extent of factual overlap; (2) whether separate causes of action depend upon proof of different facts or have different burdens of proof; (3) whether the application of res judicata considerations suggest that the claims are linked; and (4) whether the multiple relief is for the same injury. These are independent considerations, but they all point to denying the motion here.

The first factor, factual overlap, clearly exists, although limited additional evidence was offered after trial on the issue of liquidated damages. With respect to interest, no additional evidence was offered, as the question was viewed as purely one of law. With respect to the second factor, the respective burdens of proof, there are, admittedly, different legal tests for recovery. But in this circumstance, that tends to emphasize the connectedness between the "claims." Under the FLSA and its implementing regulations, plaintiffs were entitled to a backpay if they could establish that the government improperly had failed to pay overtime. The real issue here was whether the government could prove its defense that the plaintiffs were exempt under the "executive employee" exception to the FLSA. 5 C.F.R. § 551.204 (1997). It could not, as to certain plaintiffs. Interest and liquidated damages, however, could not be established without that initial preliminary holding. Interest and liquidated damages, even if recovered, in other words, would only be supplemental to the underlying backpay award.

■ Application of the principles of res judicata also tends to counsel denial of the motion. The elements of res judicata are: (1) a final judgment on the merits in an earlier action; (2) the involvement of the same parties; and (3) an identity of the same issue or cause of action in both the earlier and later suits. *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1165 (1st Cir.), *cert. denied*, 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991). The relevant inquiry here is whether, if plaintiffs omitted interest and liquidated damages in the relief sought, they would be barred from seeking them subsequently in a separate action. We believe they would.

■ The test in this circuit is set out in *Alyeska Pipeline Serv. Co. v. United States*, 231 Ct.Cl. 540, 688 F.2d 765, 769 (1982): "a final judgment on the merits of a claim (i.e. cause of action) precludes the same plaintiff from bringing against the same defendant a subsequent action on the same claim, or any part of the claim that was, or reasonably could have been, brought in the initial action." *See also Container Transp. Int'l, Inc. v. United States*, 199 Ct.Cl. 713, 717, 468 F.2d 926 (1972). The *Alyeska* court describes a single claim as consisting "of all rights against a particular defendant 'with

---

1. Defendant would not oppose entry of separate judgments for specific plaintiffs, as a way to permit final judgment for everyone other than the two successful claimants whose recovery has not been stipulated.

respect to all or any part of the transaction, or a series of connected transactions, out of which the action arose.'" 688 F.2d at 769; *quoting* 199 Ct.Cl. at 718, 468 F.2d 926. Plainly what plaintiffs are asserting here are rights flowing out of a single transaction.

■ Finally, we are persuaded that what plaintiffs seek to separate is different relief springing from a single injury: the failure to pay overtime. Indeed, granting separate judgments would create the possibility of conflicting judgments. If the government were to appeal the award of backpay, and succeed, the entire premise behind an award of interest or liquidated damages would disappear.

## CONCLUSION

While the court is sympathetic with the plaintiffs' desire to promptly obtain relief for successful claimants, that sympathy cannot override the legal and practical concerns implicated by severance and separate judgments. The motion is denied.